IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**04/05/2011**

```
                              )
IN RE                         )
                              )
TERI GREEN,                   )   CASE NO. 11-30514-H3-7
                              )
            Debtor,           )
                              )
```

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Motion for Relief from Automatic Stay to Permit Eviction to Continue Regarding 16035 Imperial Forest Lane, Houston, Texas" (Docket No. 5) filed by Federal Home Loan Mortgage Corporation ("Movant").  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Teri Green ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 14, 2011.

On September 7, 2010, at a foreclosure sale conducted by a substitute trustee, Debtor's ownership interest in real property located at 16035 Imperial Forest Lane, Houston, Texas was sold to Movant.  Movant recorded the substitute trustee's

deed in the real property records of Harris County, Texas, on
September 13, 2010.  (Movant's Exhibit A).

In Adversary Proceeding No. 11-3074, Debtor contends
that the foreclosure sale was wrongful, asserting, <u>inter</u> <u>alia</u>,
that the foreclosure was conducted in violation of the federal
HAMP program, and that the entity which initiated the foreclosure
made false representations and promises on which Debtor was
entitled to rely.

At the hearing on the instant motion, Movant offered
into evidence certified copies of the deed of trust and the
substitute trustee's deed.  Neither Movant nor Debtor presented
other evidence.

<u>Conclusions of Law</u>

Under Section 362(d)(1) of the Bankruptcy Code, the
court shall grant relief, such as by terminating, annulling,
modifying, or conditioning the stay, for cause.  Cause is not
defined in the Code, and must be determined on a case by case
basis based on an examination of the totality of circumstances.
<u>In re Reitnauer</u>, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); <u>In re</u>
<u>Mendoza</u>, 111 F.3d 1264 (5th Cir. 1997).

The party requesting relief has the burden of proof on
the issue of the debtor's equity in the property.  The party
opposing relief has the burden of proof on all other issues.
11 U.S.C. § 362(g).

In the instant case, Debtor has made no offer of adequate protection, and there is no evidence that she has any ability to provide adequate protection of Movant's interest in the property.  The court concludes that Debtor has not met her burden of proof on the question of cause for lifting of the stay.

Based on the foregoing, a separate Judgment will be entered granting the "Motion for Relief from Automatic Stay to Permit Eviction to Continue Regarding 16035 Imperial Forest Lane, Houston, Texas" (Docket No. 5) filed by Federal Home Loan Mortgage Corporation.

Signed at Houston, Texas on April 5, 2011.


LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE